AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| In re DMCA Subpoena to Nemesis Agent Inc. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:22-mc-00098 |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               Nemesis Agent Inc.

_____
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See description in Exhibit A, attached thereto

| Place: Marshall Suzuki Law Group, LLP<br>230 California Street, Suite 415<br>San Francisco, CA 94111 | Date and Time:<br><br>05/02/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/19/2022

CLERK OF COURT

_____           OR           _____
*Signature of Clerk or Deputy Clerk*                                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
SOFT ON DEMAND Company, Limited _____, who issues or requests this subpoena, are:
Junji Suzuki, Marshall Suzuki Law Group, LLP / 230 California Street, Suite 415 San Francisco, CA 94111
junji@marshallsuzuki.com / (415) 618-0090

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:22-mc-00098

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                     *Server's signature*

                                                   _____
                                                                     *Printed name and title*

                                                   _____
                                                                     *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## **Federal Rule of Civil Procedure 45** (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

All information sufficient to identify the person(s) or entities that caused the infringement of the material described in the attached Exhibit B DMCA notification to the DMCA Agent for Nemesis Agent Inc. and/or who unlawfully uploaded SOFT ON DEMAND Company, Limited's copyrighted works at the URLs listed in the notification, including but not limited to identification by names, email addresses, user history, posting history, any and all logs of IP addresses, physical addresses, telephone numbers, and any other identifying information.

# Exhibit B

Copy of Notification Issued Pursuant to 17 U.S.C. § 512(c)(3) to
Registered DMCA Agent for Service Provider Nemesis Agent Inc.



**MARSHALL · SUZUKI LAW GROUP, LLP**

230 California Street, Suite 415
San Francisco, CA 94111
Tel · 415 · 618 · 0090
Fax · 415 · 618 · 0190

**Junji Suzuki**
**junji@marshallsuzuki.com**

April 6, 2022

**Via Email**

LAXD Abuse
Nemesis Agent Inc.
3868 Carson Street #103
Torrance, CA 90503
Phone: 424-236-6050
Email: abuse@laxd.com

RE:    ***NOTIFICATION OF COPYRIGHT INFRINGEMENT***
**(Pursuant to 17 U.S.C. § 512)**
**Infringing Website: https://market.laxd.com/**

To Whom It May Concern:

This law office represents SOFT ON DEMAND Company, Limited, a Japanese corporation (hereinafter called "SOD"), in connection with SOD's copyright infringement claims against you. Please note that this is a legal notice, providing you with the outline of SOD's potential federal claims arising out of the following facts.

It has recently come to SOD's attention that you and your customer has continuously and unlawfully published and introduced to the market certain copyrighted work listed under the column entitled "Original Work" in Exhibit A attached hereto ("Exhibit A"), solely owned by SOD (referred to as the "SOD Work" or "Original Work"). The URLs of the videos infringing the exclusive right of SOD are also identified and listed under the column entitled "Infringing Work" in Exhibit A (referred to as the "Infringing Work").

Please also note that to be eligible for safe harbor protection under 17 U.S.C. § 512, a service provider is required to adopt and reasonably *implement* a repeat infringer policy under 17 U.S.C. § 512 (i).   Failure to do so will disqualify a service provider from a safe harbor protection and SOD intends to seek any remedies available by law. Furthermore, a service provider under 17 U.S.C. § 512 (c) could still be held liable even without actual knowledge of infringement, if it is "aware of facts or circumstances from which infringing activity is apparent," so-called "red flag" knowledge.

Nemesis Agent Inc
April 6, 2022
Page 2 of 3

You/your customer have been advertising, distributing, and selling the Infringing Work, which is materially identical to the SOD Work, through the website located at the aforementioned URL. It is clear that your customer has used the SOD Work without SOD's permission, and that your conduct infringes SOD's exclusive right. Thus, SOD has a good faith belief that use of the material in the manner complained of is not authorized by SOD, its agent, or the law. Any further copying, reproduction, importation, advertising, marketing, distribution, or sale of the Infringing Work after your receipt of this letter will be willful, giving rise to exposure for aggravated damages.

On behalf of SOD, we demand that you immediately disable access to the SOD Work and cease any use, reproduction, and distribution of the SOD Work and that you provide us with a written assurance that you will:

(a) permanently cease and desist from further use of the SOD Work;
(b) permanently cease and desist from further advertising, marketing, distribution, and sale of the SOD Work;
(c) remove or disable access to the Infringing Work and so confirm to us in writing;
(d) delete from your website the advertisement that you/your customer sell the Infringing Work;
(e) display on your website for three months the statement that (i) the owner of the exclusive right of the SOD Work is SOD, and (ii) you/your customer have been selling the Infringing Work without SOD's permission.

We also demand a written assurance that your customer will fully account to us with regard to advertising, marketing, purchasing, sales, and profits of the Infringing Works.

I declare that the information in this notice is accurate, and under penalty of perjury, that this office is authorized to act on behalf of SOD, the owner of the exclusive right of the SOD Work.

Your immediate response will be appreciated.

Very truly yours,

**MARSHALL SUZUKI LAW GROUP, LLP**

Junji Suzuki

Nemesis Agent Inc
April 6, 2022
Page 3 of 3

Attorney at Law
230 California Street, Suite 415
San Francisco, CA 94111
(Tel)   415-618-0090
(Fax)   415-618-0190
(Email)   junji@marshallsuzuki.com

CC: Client

Exhibit A

| No | Original Work | Infringing Work |
|---|---|---|
| 1 | https://ec.sod.co.jp/prime/videos/?id=STARS-094 | https://market.laxd.com/item/J6mBHVzyhm4DMqxq6JLAfTf/ |
| 2 | https://ec.sod.co.jp/prime/videos/?id=STARS-216 | https://market.laxd.com/item/BwmmtYCnYsLsrvtFeYb7wPU/ |
| 3 | https://ec.sod.co.jp/prime/videos/?id=STARS-140<br>https://ec.sod.co.jp/prime/videos/?id=STARS-156<br>https://ec.sod.co.jp/prime/videos/?id=STARS-216<br>https://ec.sod.co.jp/prime/videos/?id=STARS-229 | https://market.laxd.com/item/C6JKErSQDWyLQ9muc1CrbSp/ |
| 4 | https://ec.sod.co.jp/prime/videos/?id=SDDE-625 | https://market.laxd.com/item/qRrur0UeXBS0TC36NxaTpqf/ |
| 5 | https://ec.sod.co.jp/prime/videos/?id=STARS-141 | https://market.laxd.com/item/1xSgRdEubug5DR4ucJu6DFN/ |
| 6 | https://ec.sod.co.jp/prime/videos/?id=SDAB-129 | https://market.laxd.com/item/50KtcT5Ws4srZtFWcJ2aRmx/ |